# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMOND D. HALL,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. KIM, M.D.,<br><br>        Defendant.<br>_____/ | CASE NO. CV-F-02-5972 OWW SMS P<br><br>ORDER STRIKING OPPOSITION AS DUPLICATIVE<br><br>(Doc. 60)<br><br>ORDER DENYING MOTION TO STRIKE OR STAY MOTION FOR SUMMARY JUDGMENT AND ALLOWING PLAINTIFF THIRTY DAYS TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 61) |

    Plaintiff Waymond D. Hall ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Kim ("defendant") filed a motion for summary judgment on March 25, 2005, and plaintiff filed an opposition on April 11, 2005. On April 15, 2005, plaintiff filed another opposition, apparently correcting typographical errors in the first opposition. There shall be one opposition to a motion. Local Rule 78-230(m). Plaintiff neither sought nor was granted leave to file a second opposition. Although it appears that plaintiff filed the second opposition in order to correct typographical errors, plaintiff may not clutter and confuse the file with multiple, essentially duplicative oppositions. Plaintiff's second, duplicative opposition shall be stricken from the record.

///

In his opposition, plaintiff asserts that defendant's notice of motion states that defendant provided plaintiff with adequate dental care and was not deliberately indifferent to plaintiff's dental needs. In response to defendant's reply that the reference to dental care rather than medical care was a clerical error, plaintiff filed a motion to strike or continue the motion.[1]

Plaintiff's reliance of Federal Rule of Civil Procedure 12(f) to strike defendant's motion is misplaced. Rule 12(f) provides, in pertinent part, that "[u]pon motion . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant , immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). ". . . [O]nly pleadings are subject to motions to strike." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). A motion for summary judgment is not a pleading. Fed. R. Civ. Pro. 9(a).

Given that the erroneous reference to dental care was set forth in the notice of motion only and did not affect the memorandum of points and authorities, declaration of defendant Kim, or statement of undisputed facts, the court finds plaintiff's contentions that he was mislead and that the motion should be stricken unpersuasive. In light of the existence of and subsequent acknowledgment of the error, plaintiff may, if he wishes, file a new opposition to defendant's motion for summary judgment. The court will consider only one opposition. Therefore, if plaintiff chooses to file a new opposition in response to this order, the court will not consider the opposition filed on April 11, 2005. If plaintiff files a new opposition, defendant may file a new reply.

Finally, plaintiff's contention that defendant's motion should be continued because he needs further discovery is without merit. Although plaintiff fails to so state, it appears that plaintiff's request is made pursuant to Federal Rule of Civil Procedure 56(f). In order to prevail on a Rule 56(f) motion, the party "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998). "In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'"

---

[1] Plaintiff also requests that the pending motion for summary judgment be dismissed. Because dismissal of a motion for summary judgment is not a proper form of relief, the court does not address the request.

Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987)).  The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.  Volk v. D. A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

Plaintiff's conclusory assertion that defendant has failed to comply with his discovery requests is insufficient to meet plaintiff's burden on a Rule 56(f) motion.  Further, a Rule 56(f) motion at this juncture is futile.  The deadline for the completion of all discovery by plaintiff was February 28, 2005, and plaintiff did not file a timely request for an extension of the deadline. (Doc. 51.)  Therefore, any argument that further discovery is needed to oppose defendant's motion for summary judgment is precluded.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second opposition to defendant's motion for summary judgment, filed April 15, 2005, is STRICKEN;

2. Plaintiff's motion to strike defendant's motion for summary judgment, filed April 29, 2005, is DENIED;

3. Plaintiff's motion to continue defendant's motion for summary judgment, filed April 29, 2005, is DENIED;

4. Within **thirty (30) days** from the date of service of this order, plaintiff may, if he chooses, file a new opposition to defendant's motion for summary judgment; and

5. If plaintiff files a new opposition to defendant's motion for summary judgment, the opposition filed on April 11, 2005 will not be considered by the court.

IT IS SO ORDERED.

**Dated:   May 12, 2005**          /s/ Sandra M. Snyder
icido3                             UNITED STATES MAGISTRATE JUDGE