# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMOND D. HALL,<br><br>                    Plaintiff,<br><br>     v.<br><br>DR. KIM, M.D.,<br><br>                    Defendant.<br>_____/ | CASE NO. 1:02-CV-5972-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(Doc. 54) |

I.   Defendant's Motion for Summary Judgment

   A.   Procedural History

Plaintiff Waymond D. Hall ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed August 9, 2002, against defendant Kim ("defendant") for acting with deliberate indifference to plaintiff's medical needs on November 28, 2001, in violation of the Eighth Amendment.  (Docs. 1, 16, 36.)  On March 25, 2005, defendant filed a motion for summary judgment.  (Docs. 54-56.)  Plaintiff filed an opposition on June 16, 2005, and defendant filed a reply on June 29, 2005.[1]  (Docs. 63, 64, 66, 67.)

   B.   Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R.

---

[1] Plaintiff was notified of the requirements for opposing a summary judgment motion on March 6, 2003. (Doc. 15.)

1

Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual

dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

C.   Undisputed Facts

1. Defendant Dr. Min J. Kim is, and at all relevant times was, a medical doctor employed by the California Department of Corrections and assigned to Pleasant Valley State Prison.
2. Defendant Kim saw plaintiff on or about November 28, 2001, in the "Yard Clinic" where she worked.

D.   Discussion

1.   Parties' Objections

Both parties object to the other's evidence.  Defendant contends that plaintiff has submitted no admissible evidence and that plaintiff's declaration is not evidence because it is "self-serving." (Doc. 67, Reply, 2:7-13.)  Plaintiff's declaration consists in large part of mere argument and other

material not properly set forth in a declaration. The court is aware of this and would not treat the arguments as evidence. Because the court would in any event consider only paragraphs 3 and 7, and Exhibit B as evidence, the court will address defendant's objections as to those three items. Because the other items will not be considered, the court will not address defendant's arguments as to those items.

Defendant objects to the entire declaration because it does not purport to be based on personal knowledge, and paragraph 3 because it is irrelevant and self-serving. (Doc. 66, Obj., 1:19-20 & 2:9-17.) Plaintiff's attestation that on November 28, 2001, he told defendant that he was out of medication and needed refills, but that she refused to refill the medication is certainly relevant to the issue of whether or not defendant knew plaintiff needed his medication refilled. Fed. R. Ev. 401. Further, the attestation is based on plaintiff's personal knowledge and is therefore properly set forth in plaintiff's declaration. Fed. R. Civ. P. 56(e); Barthelemy v. Air Lines Pilots Assoc., 897 F.3d 999, 1018 (9th Cir. 1990) (personal knowledge may be inferred from declaration).

With respect to defendant's assertion that the declaration is self-serving, the court can discern no difference between the nature of the attestations set forth in plaintiff's declaration and the nature of the attestations set forth in defendant's declaration. If plaintiff's declaration is to be described as self-serving, then defendant's declaration is equally self-serving. The court declines to preclude plaintiff's declaration on this basis, as defendant's objection is utterly devoid of any argument that persuades this court such a drastic step is warranted. See Villiarimo v. Aloha Island Air, 281 F.3d 1054, 1061 (9th Cir. 2002) (courts may refuse to find a genuine issue of material fact where only evidence is self-serving testimony).

Defendant objects to paragraph 7 as irrelevant, lacking in foundation, and improper expert opinion, and Exhibit B as hearsay and lacking in foundation. (Doc. 66, Def. Obj., 3:14-18 & 4:2-4.) Both paragraph 7 and Exhibit B are offered by plaintiff to establish that his cholesterol increased and his glucose was 280 on November 29, 2001. Paragraph 7 is relevant to the issue of whether plaintiff suffered any harm following defendant's alleged refusal to refill his medication. Fed. R. Ev. 401. However, plaintiff did not lay a proper foundation for the statement that his cholesterol increased and his glucose was 280. Fed. R. Ev. 602, 701. Further, plaintiff is not qualified to opine that an

4

increase in cholesterol and a glucose level of 280 indicate a diabetic episode. Fed. R. Ev. 702. Therefore, paragraph 7 of plaintiff's declaration is excluded.

Plaintiff's medical records are business records and therefore excepted from the prohibition on hearsay. Fed. R. Ev. 803(6). Defendant's objection on the ground that plaintiff did not authenticate the records is technically correct and the court has no choice but to exclude them on that ground. Fed. R. Ev. 901. However, the court does not view defendant's decision to object to the records on this ground with any favor. The records were compiled on California Department of Corrections forms and bear plaintiff's name and identification number. In light of the thousands of such records that have been submitted to the court over the years, generally by the Attorney General's Office itself, the court finds it difficult to believe that defendant seriously questions the authenticity of these records.

With respect to plaintiff's attack on defendant's declaration, the issue in this action is whether defendant knowingly disregarded an excessive risk to plaintiff's serious medical needs on November 28, 2001, by refusing to renew plaintiff's prescriptions for medication. The court must determine whether there exist any disputed issues of material fact with respect to that claim and in doing so, the court may not weigh the credibility of either party. Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999). In light of the fact that it is plaintiff's position that he was seen by defendant on November 28, 2001, why defendant agrees or how defendant came to agree with this fact and offer it as undisputed is, at this juncture, immaterial. (Doc. 64, Hall Dec., p. 1-2.) Further, what plaintiff could have or should have done differently in light of defendant's alleged refusal to renew his prescriptions is immaterial to the resolution of the instant motion. (Id., p. 3.)

       2.      <u>Defendant's Motion for Summary Judgment on Eighth Amendment Claim</u>

In his complaint, plaintiff alleges in relevant part that he has been a diabetic since 1990. (Doc. 1, Comp., § IV.) On November 15, 2001, plaintiff submitted a request for a refill of his diabetes medication, which was due to run out on November 24, 2001. (Id.) Plaintiff's request was ignored and his medication ran out on November 24. (Id.) At the time plaintiff's medication ran out, the institution was on lock-down, so plaintiff was not free to seek medical assistance. (Id.) Plaintiff alleges that he was seen by defendant Dr. Kim on November 28, 2001. (Id.) Plaintiff alleges that

1  defendant Kim denied him his medication, which caused him to suffer a "diabetic episode." (Id.)

2  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
3  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452
4  U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an
5  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
6  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
7  indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett
8  v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in
9  a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to
10 inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may
11 be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"
12 or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d
13 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,
14 1136 (9th Cir. 1997) (en banc).

15 Defendant Kim argues that she is entitled to summary judgment because she did not act with
16 deliberate indifference to plaintiff's medical needs. It is defendant's position that when she saw
17 plaintiff on November 28, 2001, plaintiff did not tell her he was out of medication or ask her to refill
18 his medication, and that if he had done so, she would have renewed the medication. (Doc. 54,
19 Memo., 5:14-17; Doc. 55, Kim Dec., ¶ 4.)

20 Defendant contends that it was not until December 4, 2001, after plaintiff allegedly suffered
21 the diabetic episode, that she learned plaintiff needed his prescriptions refilled. (Memo, 5:18-19;
22 Kim Dec., ¶ 7.) Defendant contends that she immediately renewed his prescriptions, and had a
23 medical technical assistant go by plaintiff's cell and examine him. (Memo, 5:19-21; Kim Dec., ¶
24 7.) Defendant contends that there is no evidence of high blood sugar, diabetic ketoacidosis, transient
25 ischemic attack, or stroke, which would be expected if plaintiff had a diabetic episode. (Memo,
26 3:23-24; Kim Dec., ¶ 7.)

27 It is plaintiff's position that on November 28, 2001, he informed defendant that his
28 medications for diabetes and heart disease had run out, and that his prescriptions had not been

refilled. (Doc. 64, Hall Dec., ¶ 3.) Plaintiff contends that he asked defendant to renew his medication, but she refused and he was escorted back to his cell. (Id.)

There exist factual disputes between the parties concerning whether plaintiff informed defendant that he was out of medication and needed his prescriptions refilled, and whether defendant then refused to refill the prescriptions. This dispute is clearly material to the issue of whether or not defendant knew of and disregarded an excessive risk to plaintiff's health.[2]

However, where a prisoner is alleging a delay in receiving medical treatment, as plaintiff is here, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). Defendant, a physician, contends that there is no evidence plaintiff suffered a diabetic episode, which would be indicated by such conditions as high blood pressure, diabetic ketoacidosis, transient ischemic attack and/or stroke. Although plaintiff disputes defendant's contention, plaintiff has submitted no evidence that gives rise to a triable issue of fact concerning whether the delay in receiving medication led to further harm. Thus, despite the existence of a dispute over whether plaintiff informed defendant of his need for medication, there is no evidence that defendant's alleged failure to renew plaintiff's medication on November 28, 2001, led to a diabetic episode, as alleged by plaintiff, or any other further harm. Accordingly, the court finds that defendant is entitled to judgment as a matter of law on plaintiff's claim against her.

The court notes that even if it had considered plaintiff's evidence that his cholesterol increased and his glucose was 280, the outcome would not have been different. There was no evidence submitted demonstrating that the cholesterol increase and blood sugar level were harmful or that they were the result of the denial of his prescription refill the previous day. Further, because plaintiff is not a medical doctor, his lay opinion that an increase in cholesterol and a blood sugar reading of 280 indicate a diabetic episode could not have raised a triable issue of fact concerning

---

[2] Defendant did not move for summary adjudication on the issue of whether the alleged failure to renew plaintiff's prescriptions on November 28, 2001, posed an excessive risk to plaintiff's health. Thus, this issue is not before the court.

whether he suffered further harm as a result of defendant's alleged inaction.

E.  Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendant Kim's motion for summary judgment, filed March 25, 2005, be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 19, 2005**          /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE